Class Period at artificially high prices and were damaged thereby.

62. At the time of said misrepresentations and omissions, Plaintiffs and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiffs and the other members of the Class and the marketplace known the truth regarding the problems that Vaso was experiencing, which were not disclosed by defendants, Plaintiffs and other members of the Class would not have purchased or otherwise acquired their Vaso securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

63. By virtue of the foregoing, defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

64. As a direct and proximate result of defendants' wrongful conduct, Plaintiffs and the other members of the Class suffered damages in connection with their respective purchases of the Company's securities during the Class Period.

## COUNT IV

### VIOLATION OF SECTION 20(a) OF THE EXCHANGE ACT AGAINST THE INDIVIDUAL DEFENDANTS

65. Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

66. The Individual Defendants acted as controlling persons of Vaso within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the

Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiffs contend are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiffs to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

67.    In particular, each of these defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

68.    As set forth above, Vaso and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants wrongful conduct, Plaintiffs and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## JURY TRIAL DEMAND

Plaintiffs hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

A.    Determining that this action is a proper class action, designating Plaintiffs as Lead Plaintiffs and certifying Plaintiffs as class representatives under Rule 23 of the Federal Rules of Civil Procedure and Plaintiffs' counsel as Lead Counsel;

B.    Awarding compensatory damages in favor of Plaintiffs and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

C.    Awarding Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.    Such other and further relief as the Court may deem just and proper.

Dated:  April 23, 2004

*[signature]*
Thomas G. Shapiro BBO#454680
Theodore M. Hess-Mahan BBO #557109
Matthew L. Tuccillo BBO# 643336
**SHAPIRO HABER & URMY LLP**
75 State Street
Boston MA  02109
Tel: (617) 439-3939

COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
Steven J. Toll
Daniel S. Sommers
Christopher F. Branch
1100 New York Avenue N.W.
West Tower, Suite 500
Washington, DC  20005-3964
Tel:   (202) 408-4600

*Attorneys for Plaintiffs*

FROM : RICKI B.                    PHONE NO. :                    Apr. 19 2004 10:02AM P1

## CERTIFICATION OF NAMED PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, (print name) __Kim Benedetto__ ("Plaintiff") declare, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the Complaint and authorizes its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff's transaction(s) in the Vaso Active Pharmaceuticals (Nasdaq: VAPH) security that is the subject of this action during the Class Period is/are as follows[1]:

| No. of Shares | Buy/Sell | Date   | Price Per Share |
|---------------|----------|--------|-----------------|
| 200           | 11.49    | 3/9/04 | 11.49           |
|               |          |        |                 |
|               |          |        |                 |
|               |          |        |                 |

[1] List additional transactions on a separate sheet of paper, if necessary.

5. Plaintiff has complete investment authority and is the agent and attorney-in-fact with full power and authority to bring a suit to recover for investment losses.

6. During the three years prior to the date of this Certification, Plaintiff has sought to serve or served as a representative party or a class in the following actions filed under the federal securities laws (if none, so indicate): __NONE__

7. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __19__ day of __April__, 2004.

__Kim Benedetto__          __Joseph L Benedetti__
Signature

__Kim Benedetto__          __Joseph L. Benedetti__
Print Name

__3434 Heather Lane__
Address

__Wantagh, NY 11793__
City, State, Zip

__(212) 564-1000__
Telephone Number (Daytime)

__(516) 826-0253__
Telephone Number (Evening)

__KMMRE@aol.com__
E-Mail Address

Yes / __No__ (Circle)
Are you a current or former employee of the Company?

__Ricki B. Inc., Concord Home Improvement__
Current Employer

| Trade Date | Transaction Type | # Shares | Share Price ($) | Class Period Purchases | Class Period Sales | Sales on Class Period Purchases | Class Period Net Holdings | Cost | Proceeds |
|---|---|---|---|---|---|---|---|---|---|
| 3/9/2004 | buy | 200 | 11.49 | 200 | | 0 | 0 | 200 | $ 2,298.00 |

| | |
|---|---|
| Total Class Period Purchases: | 200 |
| Total Class Period Sales: | 0 |
| Total Sales on Class Period Purchases: | 0 |
| Total Class Period Shares Retained: | 200 |
| 90-day Loss Price | $ 1.26 |
| Total Purchases: | $ 2,298.00 |
| Total Sales Proceeds | $ - |
| Total Retained Value: | $ 252.00 |
| Total Loss: | $ 2,046.00 |